# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| HOOPER W. MATTHEWS, III, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 17-00062-JB-B |
| ANKOR ENERGY, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court *sua sponte* for review of subject-matter jurisdiction. Plaintiffs invoke diversity of citizenship, 28 USC § 1332(a)(1), as the sole basis of subject-matter jurisdiction. (Doc. 20 at 25). The parties are individuals, corporations, limited liability partnerships, and limited liability companies. (*Id.* at 2 – 3).

Plaintiffs make the following allegations regarding the parties' citizenships:

> The Plaintiff Jerry M. Kelly, Sr. is an adult resident citizen of Escambia County, Alabama.
>
> The Plaintiff Lauren Luczkow who is Trustee of the Kandace K. McDaniel Testamentary Trust for the Benefit of Charles W. McDaniel is an adult resident of Fulton County, Georiga [sic].
>
> The Plaintiff Kelly Properties, L.L.P. is an Alabama limited liability partnership doing business in Escambia County, Alabama.
>
> The Plaintiff K&L Resources, LLP is an Alabama limited liability partnership doing business in Escambia County, Alabama.
>
> The Plaintiff Dale M. Ash is an adult resident citizen of Escambia County, Alabama.
>
> The Plaintiff Cindy M. Colville is an adult resident citizen of Escambia County, Alabama.

1

> The Plaintiff Hooper W. Matthews, III is an adult resident citizen of Escambia County, Alabama.
>
> Plaintiffs Dale M. Ash, Cindy M. Colville, and Hooper W. Matthews, III bring this suit individually and as Trustee of the Irrevocable Trust Agreement For The Benefit of Dale M. Ash, Cindy M. Colville, and Hooper W. Matthews, III dated December 31, 1993.
>
> The Defendant ANKOR E&P Holdings Corporation is a Delaware corporation doing business in Escambia County, Alabama. Defendant ANKOR E&P has been served with process and appeared.
>
> The Defendant ANKOR Energy LLC is a Delaware corporation doing business in Escambia County, Alabama Defendant ANKOR Energy has been served with process and appeared.
>
> The Defendant GS E&R America Offshore, LLC, a Texas limited liability company, f/k/a STX Energy Texas, LLC, ("STX") doing business in Escambia County, Alabama Defendant GS E & R has been served with process and appeared.

(*Id.*). Plaintiffs also allege:

> The Plaintiffs are residents of Georgia and Alabama.
>
> Defendant Ankor Energy, LLC is a limited liability company. As such, Ankor Energy, LLC is treated as an unassociated entity for the purpose of subject matter jurisdiction. Upon information and belief, Ankor Energy, LLC does not have any members who are citizens of the States of Alabama or Georgia.
>
> Defendant Ankor E & P Holdings Corporation is a Deleware [sic] Corporation with its principal place of buisness [sic] in New Orleans, Louisiana. Therefore, Ankor E & P Holdings Corporation is a citizen of both Louisana [sic] and Deleware [sic].
>
> Defendant GS E & R America Offshore, LLC is a limited liability company. As such, GS E & R America Offshore, LLC is treated as an unassociated entity for the purpose of subject matter jurisdiction. Upon information and belief, GS E & R America Offshore, LLC does not have any members who are citizens of the States of Alabama or Georgia.

2

> Because the Plaintiffs are citizens of Alabama and Georgia and the Defendants are citizens of Louisana [sic] and Deleware [sic], complete diversity exsists [sic].

(*Id.* at 25). Defendants deny these allegations "as written," including Plaintiffs' allegations that neither Defendant Ankor Energy, LLC nor Defendant GS E&R America Offshore, LLC has any members who are citizens of Alabama or Georgia. (Docs. 49 and 50).

The Court finds that Plaintiffs have failed to properly allege the citizenships of all parties, and therefore have failed to satisfy their burden to properly plead diversity jurisdiction. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (citing *Ray v. Bird & Son & Asset Realization Co.,* 519 F.2d 1081, 1082 (5th Cir. 1975)("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof.")). Specifically, Plaintiffs have not properly alleged the citizenships of the parties which are unincorporated entities. In *Rolling Greens MHP, L.P.,* the Eleventh Circuit Court of Appeals reiterated a 1990 United States Supreme Court decision that, "for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." 374 F.3d at 1021 (citing *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990)). The Court then extended that rule to limited liability companies. *Id.* at 1022 (joining other federal courts in holding that "a limited liability company is a citizen of any state of which a member of the company is a citizen.")

To sufficiently plead diversity jurisdiction in this case, Plaintiffs "must list the citizenships of all the members of [a] limited liability company and all partners of [a] limited partnership." *Id.* at 2022. Further, as this Court has instructed, "if one or more of the members of [an] LLC should happen to be another limited liability corporation, [the party invoking jurisdiction] must disclose

the membership of that limited liability corporation as well" and, that such "obligation to disclose continues until [the party] has disclosed each of the individual(s) and/or corporation(s) that are members and any constituent limited liability corporation members." *Fairhope Piggly Wiggly, Inc. v. PS 2 LED, Inc.*, 2017 U.S. Dist. LEXIS 36665 at *4 n. 9 (S.D. Ala. March 15, 2017). This extended obligation of disclosure applies equally to limited partnerships. *Id.*

Plaintiff is ORDERED to file an amended complaint, not later than January 2, 2020, properly alleging the citizenships of all parties so that the Court may determine its subject-matter jurisdiction.[1] Defendants are ORDERED to file answers to the said amended complaint not later 14 days after service thereof. The Court further ORDERS that the pre-trial conference set for January 14, 2020 and jury selection set for February 4, 2020 are cancelled, and that all pretrial disclosure deadlines are stayed pending further order of the Court.

**DONE and ORDERED** this 11th day of December, 2019.

/s/ JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE

---

[1] Allegations of residency are insufficient for purposes of diversity jurisdiction. Citizenship must be alleged. *Crist v. Carnival Corp.*, 410 Fed. Appx. 197, 200 (11th Cir. 2010)(citing *Cong. Of Racial Equal. v. Clemmons*, 323 F.2d 54, 58 (5th Cir. 1963)("Diversity of citizenship, not of residence, is required under 28 U.S.C.A. § 1332. Wherever jurisdiction is predicated upon the citizenship (or alienage) of the parties, it should be noted that since residence is not the equivalent of citizenship, an allegation that a party is a resident of a certain state or foreign country is not a sufficient allegation of his citizenship."). The Court also notes that a corporation is deemed a citizen of the state of its incorporation and the state of its principal place of business. *Vision Bank v. Dynamic Air, Inc.,* 2011 U.S. Dist. LEXIS 41835 at *4 (S.D. Ala. March 30, 2011)("Under § 1332, a corporation is 'a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.' *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) (citing 28 U.S.C. § 1332 (c)(1)); *see also, MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005)("For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business.")).